WALTER FISHER Co. v. I. LOWENBERG & Co.*

(Division A. April 23, 1928. Suggestion of Error Overruled May 14, 1928.)

[116 So. 730. No. 26973.]

*Corpus Juris-Cyc. References: Names, 29Cyc, p. 270, n. 43.

See, also, 116 So. 91.

*McClellan & Tubb,* for appellant.

*A. J. McIntyre,* for appellee.

Cook, J. The appellee, I. Lowenberg & Co., and a number of other mercantile creditors of Walker Bros. Branch, a partnership, filed a bill against Walker Bros. Branch for debts alleged to be due them by Walker Bros. Branch, and joined as defendants therein W. S. Fisher Company, a corporation, alleging that the Walter Fisher Company, W. S. Fisher, D. P. Walker, Jr., and L. S. Walker, entered into a contract of partnership by and under which such parties were to engage in the wholesale and retail flour, meal, feed, grain, candy, and cigar business in the city of West Point, Miss., under the firm name and style of Walker Bros. Branch, as a branch of the business of the Walter Fisher Company, which was engaged in a general wholesale grocery busi-

ness in the city of West Point. It was further alleged that each-of said parties contributed to the stock of fixtures and goods, and the general assets of said partnership; that said business was opened and operated under the firm name of Walker Bros. Branch, and in the course of the business so conducted the debts for which each of the complainants sued were contracted. It was further alleged that L. S. Walker sold his interest in said partnership, and thereafter D. P. Walker, Jr., continued to conduct said business as a trader under the firm name and style of Walker Bros. Branch, without displaying a business sign disclosing the name of his principal or partner or other persons interested in the stock of goods and merchandise kept, used, or acquired in said business; that on or about February 1, 1924, the business was discontinued; that at that time there had been acquired and used in said business a large stock of flour, meal, grains, feed, candy, cigars, an automobile, typewriter, adding machine, and office and storehouse fixtures and furnishings, and also money, notes and accounts receivable the value of all of which was charged to be in excess of the amounts due the complainants; that, when the said business was discontinued, the said Walter Fisher Company took possession of all the property that had theretofore been so acquired and used in the business of the said Walker Bros. Branch, and converted all of said property to its own use, and refused to account to complainants for any part thereof. It was further specifically alleged that the said Walter Fisher Company guaranteed the payment of all of the account due by Walker Bros. Branch to the complainant, I. Lowenberg & Co.

W. S. Fisher, president of the Walter Fisher Company, was offered as an adverse witness by the complainants, and he denied that there was any partnership between himself or the Walter Fisher Company and Walker Bros. Branch, but he testified that the Walter Fisher Com-

pany secured a contract to handle the products of the Scott Milling Company, including flour, feed, and grains; that the Walter Fisher Company, did not have sufficient storeroom to properly handle these products; that it purchased the fixtures of the Brand Distributing Company, which had formerly handled the products of the Scott Milling Company; that it then arranged with Walker Bros., who were in the candy and cigar business, to take over the handling of the products of the Scott Milling Company on a commission basis, the profits derived from the sale of such products to be divided equally between Walker Bros. and the Walter Fisher Company; that the fixtures purchased from the Brand Distributing Company, and a stock of flour, feed, and grain, were placed in the storeroom of Walker Bros., and the Walker Bros., thereafter operated and conducted the flour and feed business in connection with their candy and cigar business, the Walter Fisher Company paying for the stock of flour and feed and receiving one-half of the profits derived from the sales thereof. He further testified that, when Walker Bros. closed or abandoned their business, the Walter Fisher Company took over and appropriated to its own use and benefit the fixtures that it had placed in the storeroom of Walker Bros., and also all the stock of grain, feed, and flour then on hand, which was of the value of about eight hundred dollars or nine hundred dollars, claiming that these fixtures and the stock of goods and merchandise were the property of the Walter Fisher Company.

At the conclusion of the hearing of the cause on bill, answer, and proof, a decree was rendered awarding each of the complainants a separate judgment against Walker Bros., but dismissing the bill as to W. S. Fisher and the Walter Fisher Company, except as to the claim of the appellee I. Lowenberg & Co., a judgment for a part of which was rendered against the Walter Fisher Company on the theory that it had guaranteed the payment of that

part of this account for which judgment was rendered. From the decree against it, the Walter Fisher Company appealed, and I. Lowenberg & Co. filed a cross assignment of error based upon the action of the court in denying it a recovery for its entire claim. None of the other complainants in the court below appealed from the decree dismissing the bill as to them.

Upon the proof offered upon the point, the court below held that it failed to establish the existence of a partnership between Walker Bros. and W. S. Fisher or the Walter Fisher Company, and we are unable to say that the court committed error in so holding.

Conceding, for the purpose of this decision, that the letters offered by the appellee to show that the Walter Fisher Company guaranteed the payment of appellee's account with Walker Bros. were sufficiently identified to render them admissible, still we are of the opinion that these letters fail to establish a guaranty of any part of this amount, and that the court was in error in holding that the appellant company had guaranteed a part of this account, and for this error the decree of the court below must be reversed.

The undisputed proof in this case shows that the Walter Fisher Company intentionally placed the fixtures and stock of flour, feed, and grains, in the custody of Walker Bros., to be kept in their storehouse and sold as a part of their stock, and that these fixtures and a considerable stock of such goods and merchandise were taken over and appropriated by the Walter Fisher Company when Walker Bros. went out of business. There was displayed no business sign to indicate that the Walter Fisher Company owned or was interested in this stock of goods, and there was nothing to indicate that Walker Bros. were not the real owners thereof, and, by virtue of the provisions of section 4784, Code of 1906 (section 3334, Hemingway's 1927 Code), this property, having been acquired and used in the business of Walker Bros., was, as to

their creditors, their property and liable for their debts. The cause will therefore be remanded to the court below for the purpose of adjudicating the rights of the appellee against the Walter Fisher Company under and by virtue of the staute above referred to.

*Reversed and remanded.*